```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


EDWIN FLORES,                   )
                                )
    Petitioner,                 )
                                )
         v.                     )    CRIMINAL NO. 1:06cr292
                                )    CIVIL NO. 1:07cv1054
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the Motion.

### **I. Background**

On July 11, 2006, Petitioner Edwin Flores ("Petitioner") and twelve other individuals were charged on a 26-count indictment alleging various violations associated with drug and gun trafficking conspiracies. Petitioner in particular was indicted on Count I, conspiracy to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. § 846, and on Counts 6, 8, and 9, distribution of 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a). Petitioner's involvement in the conspiracy spanned from September 2005 to January 31, 2006, and Counts 6, 8, and 9 pertained to three

1

separate instances in January 2006 when Petitioner distributed a quantity of crack cocaine.

On July 28, 2006, Petitioner pled guilty to Count I, conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846.  On October 20, 2006, this Court sentenced Petitioner to 120 months of incarceration and five years of supervised release, the statutory mandatory minimum.  Petitioner did not appeal his conviction or sentence.  On October 19, 2007, Petitioner filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming ineffective assistance of counsel at sentencing based on: (1) his counsel's alleged failure to argue that Petitioner was a minor and/or minimal participant in the conspiracy, and (2) his counsel's alleged failure to move for a downward departure under U.S.S.G. § 5K1.1.[1]  This Motion is currently before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum

---

[1] The Court notes that Petitioner's initial Memorandum of Law in support of his § 2255 Motion did not specify the grounds on which his attorney should have moved for a downward departure; instead, Petitioner first specifies U.S.S.G. § 5K1.1 as the basis for a downward departure in his reply to the Government's opposition to his Motion.

2

authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

To succeed on a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must satisfy the two-pronged test established by the Supreme Court in *Strickland v. Washington*.  466 U.S. 668, 687 (1984); *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996).  Under the *Strickland* test, a petitioner must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland,* 466 U.S. at 687-94.  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails.  *Id.* at 700. Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong.  *Id.* at 697; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992)("If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong.").

### III.  Analysis

Petitioner argues that he was denied the effective assistance of counsel at sentencing because his attorney: (1) failed to argue that Petitioner was a minor and/or minimal participant in the conspiracy, and (2) failed to move for a downward departure under U.S.S.G. § 5K1.1.  The Court, however, will dismiss Petitioner's Motion on the ground that Petitioner has failed to satisfy the prejudice prong of the *Strickland* test.  Petitioner was sentenced to the statutory mandatory minimum for the crime to which he pled guilty: a term of imprisonment of 120 months and five years of supervised release.  *See* 21 U.S.C. §§ 841(b) and 846.  As a result, even if Petitioner's attorney had made the arguments at sentencing that Petitioner claims were not made, Petitioner could not have fared any better in his sentence.  In other words, Petitioner has failed to show a reasonable probability that but for his attorney's alleged errors, he would have received a different sentence.  His § 2255 Motion will therefore be denied.

## IV. Conclusion

For the foregoing reasons, Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed.  An appropriate Order will issue.


May 5, 2008                         _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE