IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:06cr292 (JCC) |
| | ) | |
| EDWIN FLORES, | ) | |
| Petitioner. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's "Motion for Writ of *Coram Nobis* on Constitutional and Equal Protection Rights to Dismiss the Indictment Pursuant to Title 21; 841(a)(1) §§ 846 §§ and Ineffective Assistance Counsel Claim" (the "Motion"). [Dkt. 332.] For the following reasons, the Court will deny Petitioner's Motion.

**I.  Background**

A.  <u>Factual Background</u>

On July 11, 2006, a federal grand jury charged Petitioner with Counts 1, 6, 8, and 9 of an eighteen-count indictment involving twelve other defendants. (Ex. 1 to Gov't Opp. [Dkt. 334-1]); [Dkt. 1.] Count 1 of the indictment charged Petitioner and his conspirators with conspiracy to distribute fifty (50) grams or more of crack cocaine and conspiracy to

1

distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count 6 charged Petitioner with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Counts 8 and 9 charged Petitioner with distribution of five (5) grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Petitioner entered into a plea agreement on July 28, 2006, pursuant to which he pleaded guilty to Count 1 of the indictment in exchange for the government dismissing Counts 6, 8, and 9 against him. (Ex. 2 to Gov't Opp. [Dkt. 334-2]); [Dkt. 71.] On October 20, 2006, this Court sentenced Petitioner to 120 months' incarceration plus five years' supervised release, the statutory mandatory minimum. [Dkt. 133.] Petitioner did not appeal his conviction or sentence. On October 19, 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 [Dkt. 195], which this Court denied on May 5, 2008 [Dkt. 222-223]. On May 19, 2008, Petitioner filed a motion to reduce his sentence based on the amended crack cocaine guidelines [Dkt. 230], which this Court denied on July 2, 2008 [Dkt. 242].

    B.    <u>Procedural Background</u>

On August 31, 2012, Petitioner filed a "Motion for Writ of *Coram Nobis* on Constitutional and Equal Protection Rights to Dismiss the Indictment Pursuant to Title 21; 841(a)(1) §§ 846 §§ and Ineffective Assistance Counsel Claim" (the "Motion"). [Dkt. 332.] On September 27, 2012, the Government

filed its opposition brief. [Dkt. 334.]

## II. Analysis

Petitioner argues that this Court should grant his petition for writ of *coram nobis*, and accordingly vacate his conviction, because he received ineffective assistance of counsel as his attorney did not pursue the argument -- via a motion to dismiss, objections, or an appeal -- that Petitioner's indictment failed to state a drug quantity. (Pet. Mot. [Dkt. 332] at 1-3.)

According to the Supreme Court in *United States v. Morgan*, a writ of *coram nobis* is an "extraordinary" remedy which should be allowed only "under circumstances compelling such action to achieve justice" and is available only to correct errors in a criminal proceeding which are "of the most fundamental character." 326 U.S. 502, 511-12 (1954). In reviewing a petition for a writ of *coram nobis* to vacate a conviction, a court must presume that the underlying proceedings were correct. *See Hanan v. United States*, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005) (citing *Morgan*, 236 U.S. at 512). The burden is on the petitioner to show otherwise and, as previously recognized by this Court, this burden "is substantial, exceeding that of a habeas petitioner." *Id.* In order to obtain *coram nobis* relief, a petitioner must show: (1) "that his conviction or sentence involved an error of the most fundamental

3

character;" (2) "that it is probable that a different result would have occurred if not for the error;" (3) "that adverse consequences continue to flow from the conviction such that a case or controversy exists within the meaning of Article III;" (4) "that a more usual remedy is not presently available to correct the error;" and (5) "that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion." *Id.* Given this high burden and required showing, successful *coram nobis* petitions in the federal courts are "exceedingly rare." *Id.*

In addition, under *Strickland v. Washington*, counsel's representation is ineffective where it falls "below an objective standard of reasonableness," creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Thus, a petitioner cannot succeed on his or her claim of ineffective assistance of counsel unless he or she shows that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different." *Id*. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 232-33 (4th Cir. 1994).

With respect to the first prong of the *Strickland* test, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The Supreme Court has elaborated on the deference due to counsel's performance, explaining that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (quotation marks and internal citations omitted).

With respect to the second prong requiring prejudice, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "When a defendant challenges a conviction entered after a guilty plea, the 'prejudice' prong of the test is slightly modified." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). A petitioner who pleaded guilty "must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is an objective test that should be made "without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 59-60. Finally, under either prong, this Court evaluates "the reasonableness of counsel's performance . . . from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ." *Hooper*, 845 F.2d at 476 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

The Court concludes that Petitioner's motion must be denied because Petitioner cannot meet the performance prong of the *Strickland* test and, accordingly, cannot meet the first requirement for a writ of *coram nobis*. Petitioner's arguments rest on the incorrect premise that the indictment at issue did not state a drug quantity. In fact, Count 1 of the indictment, to which Petitioner pleaded guilty, specifically charged him with conspiracy to distribute fifty (50) grams or more of crack cocaine. (Ex. 1 at 2, 3.) Given that the alleged defect in the indictment did not exist, Petitioner's attorney reasonably performed his duties by not pursuing a non-meritorious argument against the indictment. As a result, Petitioner fails to meet the performance prong for *Strickland*. Likewise, due to the absence of ineffective assistance of counsel and of a defect in

his indictment, Petitioner also fails to meet the first requirement for a writ of *coram nobis*, that his conviction involve an error of the most fundamental error.

### III. Conclusion

For the following reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| January 31, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |