```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

UNITED STATES OF AMERICA,      )
                               )
                               )
                               )
           v.                  )    1:06cr292 (JCC)
                               )
EDWIN FLORES,                  )
                               )
       Petitioner.             )
                               )
                               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's Motion for Disposition under Rule 4(d).[1]  [Dkts. 345, 346, 347.]  For the following reasons, the Court will deny Petitioner's Motion.

## I.  Background

A.  Factual Background

On July 11, 2006, a federal grand jury charged Petitioner with Counts 1, 6, 8, and 9 of an eighteen-count indictment involving twelve other defendants.  (*See* Mem. Op. [Dkt. 336]); [Dkt. 1.]  Count 1 of the indictment charged Petitioner and his conspirators with conspiracy to distribute fifty (50) grams or more of crack cocaine and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and

---

[1] Petitioner's motion is captioned Motion for Disposition under Rule 4(d) for Summary Judgment.  The Court does not appear to have any legal authority to grant such a motion.  Because Petitioner is *pro se*, the Court will construe Petitioner's motion in the light most favorable to him.

1

841(a)(1).  Count 6 charged Petitioner with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Counts 8 and 9 charged Petitioner with distribution of five (5) grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Petitioner entered into a plea agreement on July 28, 2006, pursuant to which he pleaded guilty to Count 1 of the indictment in exchange for the government dismissing Counts 6, 8, and 9 against him.  (Mem. Op. [Dkt. 336]); [Dkt. 71.]  On October 20, 2006, this Court sentenced Petitioner to 120 months' incarceration plus five years' supervised release, the statutory mandatory minimum.  [Dkt. 133.]  Petitioner did not appeal his conviction or sentence.  On October 19, 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 [Dkt. 195], which this Court denied on May 5, 2008 [Dkt. 222-223].  On May 19, 2008, Petitioner filed a motion to reduce his sentence based on the amended crack cocaine guidelines [Dkt. 230], which this Court denied on July 2, 2008 [Dkt. 242].

  B. <u>Procedural Background</u>

  On September 10, 2013, Petitioner filed his Motion for Disposition under Rule 4(d).  [Dkt. 345.]  On September 24, 2013 and September 26, 2013, Petitioner filed further documentation in support of his Motion for Disposition under Rule 4(d).  [Dkts. 346, 347.]  On December 9, 2013, the United States filed its opposition to Petitioner's motion.  [Dkt. 352.]

2

## II. Analysis

Petitioner has filed a self-styled Motion for Disposition under Rule 4(d) for Summary Judgment. In effect, Petitioner again asks the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On July 2, 2008, the Court found that Petitioner is not eligible for a reduction of sentence under § 3582(c)(2) because his sentence was determined by a statutory mandatory minimum. [Dkt. 242.] Therefore, his guideline range is unaffected by Amendments 706 and 711 and he is ineligible for relief under U.S.S.G. § 3582(c)(2). On February 7, 2012, the Court denied Petitioner's subsequent Motion for Retroactive Application of the Sentencing Guidelines, again noting that Petitioner's sentence was determined by a statutory mandatory minimum. [Dkt. 316.] Accordingly, Petitioner's guideline range is unaffected by Amendment 750, making him ineligible for relief under U.S.S.G. § 3582(c)(2). The Court will deny Petitioner's motion as it aims to relitigate his motion for sentence reduction already denied by the Court.[2]

Petitioner's instant motion also appears to challenge his conviction pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255(h), a prisoner must make a threshold showing in order to

---

[2] Moreover, as the Court has noted previously, because Petitioner's sentence was determined by a statutory mandatory minimum, no relief is authorized here. The retroactive amendments do not lower Petitioner's sentencing range, and defendant did not receive any enhancements to his sentence. (Gov't Opp. at 3.)

file a second or successive federal habeas petition.  A second or successive petition must first be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

Petitioner has already filed a Motion to Vacate, Set Aside or Correct Sentence under § 2255.  [Dkt. 195.]  Petitioner's motion was denied on May 5, 2008.  [Dkt. 222.]  Petitioner's current motion is therefore a successive filing subject to the certification requirements set forth in § 2255(h).  Since Petitioner has not submitted any evidence of having obtained the requisite certification from the Fourth Circuit, his current motion must be dismissed for lack of jurisdiction.  *See Burton v. Stewart,* 549 U.S. 147, 157 (2007).

### III.  Conclusion

For the following reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

|  |  |
|---|---|
| January 23, 2014 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |

4